IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LINDA D. LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-cv-02877-LKG ) ) Dated: August 14, 2025 |
| WMATA *(Washington Metropolitan Area Transit Authority)*, | ) ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Linda D. Lee, appears to bring unspecified claims against the Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), related to the allocation of funding of WMATA transportation services. *See generally* ECF No. 1. WMATA has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 8. The motion is fully briefed. ECF Nos. 8 and 12. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 8) and (2) **DISMISSES** the complaint.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

**A. Factual Background**

The Plaintiff is proceeding in this matter without the assistance of counsel and her complaint is difficult to discern. But it appears that the Plaintiff seeks to challenge certain decisions related to the operation of, and the allocation of funding for, WMATA's public transportation services. *See generally* ECF No. 1.

Plaintiff Linda D. Lee is a resident of Washington, DC and she regularly uses public

---

[1] The facts recited in this memorandum opinion are taken from the complaint; the Defendant's motion to dismiss; and memorandum in support thereof. ECF Nos. 1, 5 and 8.

transit services provided by WMATA. *Id.* at ¶¶ 1-9.

Defendant WMATA is a government agency created by an interstate compact (the "Compact") to operate public transit services and adopted by the state of Maryland, the District of Columbia and the Commonwealth of Virginia. *Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981). WMATA manages Metrobus, Metrorail and MetroAccess, and the transit authority receives funding from, among other sources, the State of Maryland. ECF No. 8; *see also* www.wmata.com.

In the complaint, the Plaintiff appears to raise several concerns about WMATA service reductions, accessibility issues, employee working conditions, public engagement, equipment reliability and governmental oversight of WMATA. ECF No. 1 at 6-15. But the Plaintiff acknowledges in the complaint that the amount in controversy in this case is "none" and that this case "isn't a lawsuit." *Id*. at 5. The Plaintiff also states in the supplement to the complaint that "[w]e need a responsible transit agency." ECF No. 5 at 6.

### B. Procedural History

The Plaintiff filed the complaint on October 8, 2024. ECF No. 1.

On November 26, 2024, the Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 8. On December 16, 2024, the Plaintiff filed a response in opposition to the Defendant's motion. ECF No. 12.

The Defendant's motion having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true

2

substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799. A defendant may also "contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982))

### C. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

   D.   **WMATA And Immunity**

This Court has held that WMATA is a mass transit system that enjoys sovereign immunity from certain claims under the Compact. *See Pierce v. Wash. Metro. Area Transit Auth.*, No. DKC 09-1917, 2010 WL 4485826, at *3 (D. Md. Nov. 9, 2010). But, under Section 80 of the Compact, WMATA has waived its immunity for claims that arise from its proprietary—or non-governmental—functions. Md. Code Ann., Transp. § 10–204(80); *Smith*, 290 F.3d at 206. And so, the Court applies a two-step test to determine whether the WMATA is entitled to sovereign immunity. *Id*.

First, the Court considers whether the conduct involves a "quintessential governmental function," such as policing or law enforcement. *Id.* at 207. If so, WMATA has immunity. *Id.* If not, the Court then considers whether the conduct at issue is discretionary or ministerial. *Id.* Discretionary acts—those involving judgment, planning or policy decisions—are considered governmental and thus afforded immunity. *Id.* at 208; *Pierce*, 2010 WL 4485826, at *3. By contrast, ministerial acts—those enforcing a set duty at the operational level—are not subject to immunity. *Id*.

IV.   **ANALYSIS**

The Defendant has moved to dismiss the complaint upon the following grounds: (1) the complaint fails to state a cause of action for which relief may be granted; (2) the Plaintiff lacks standing to bring her clams; and (3) to the extent that the Plaintiff has standing and states a claim for relief, WMATA is immune from suit under Section 80 of the Compact. ECF No. 8. And so, the Defendant requests that the Court dismiss the complaint. *Id.* at 3.

4

The Plaintiff does not substantively respond to the arguments in the Defendant's motion. ECF No. 12. But she , nonetheless, requests that the Court deny the Defendant's motion to dismiss. *Id*.

For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 8) and (2) **DISMISSES** the complaint.

**A.  The Court Dismisses The Complaint**

A careful reading of the complaint shows that dismissal of this matter is warranted for several reasons.  First, the Plaintiff has not met her burden to show that the Court possesses subject-matter jurisdiction to consider her claims.  In the complaint, the Plaintiff appears to raise several concerns about WMATA service reductions, accessibility issues, employee working conditions, public engagement, equipment reliability and governmental oversight of WMATA. ECF No. 1 at 6-15.  The Plaintiff  cites "Title VI, ADA and *Brown v. Board*" as the basis for establishing federal question jurisdiction. *Id*. at 4.  But she provides no explanation about how these laws apply to this case. *See generally* ECF Nos. 1 and 5.

The Plaintiff also acknowledges the amount in controversy in this case is "none" and that this case "isn't a lawsuit." *Id*. at 5.  Given this, the legal basis for the Court to exercise subject-matter jurisdiction in this case is not clear.  And so, the Plaintiff has not met her burden to establish subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) ( The plaintiff bears the burden of establishing that subject-matter jurisdiction exists.).

The complaint also makes clear that the Plaintiff fails to state a cognizable claim for relief.  As discussed above, the complaint contains a litany of concerns about the operation of, and funding for, WMATA.  *See* ECF Nos. 1 and 5.  But, again, the Plaintiff does not explain in the complaint how these concerns satisfy the elements of a legal claim against WMATA, nor do the factual allegations in the complaint provide WMATA with sufficient notice of the nature of the Plaintiffs claims.  *Id; see also Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted).

Lastly, WMATA argues with persuasion that, to the extent that the Plaintiff states a plausible claim challenging the transit authority's decisions with regards to its funding, WMATA

5

is immune from suit, because such decisions are discretionary in nature. *See Pierce v. Wash. Metro. Area Transit Auth.*, No. DKC 09-1917, 2010 WL 4485826, at *3 (D. Md. Nov. 9, 2010).

For each of these reasons, the Court must DISMISS the complaint. Fed. R. Civ. P. 12(b)(1) and (b)(6).

## V.    CONCLUSION

And so, for the forgoing reasons, the Court:

1. **GRANTS** the Defendant's motion to dismiss (ECF No. 8); and
2. **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

                        s/Lydia Kay Griggsby
                        LYDIA KAY GRIGGSBY
                        United States District Judge